# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN HANN, | : | 09-cv-2496 |
| | : | |
| Plaintiff, | : | Hon. John E. Jones III |
| | : | |
| v. | : | |
| | : | |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### April 8, 2011

## I.  INTRODUCTION

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Malachy E. Mannion (Doc. 32), filed on March 18, 2011, which recommends that we grant Plaintiff Martin Hann's ("Plaintiff" or "Hann") Motion for Summary Judgment (Doc. 14) and deny Defendant Reliance Standard Life Insurance Company's ("Defendant" or "Reliance Standard") Motion for Summary Judgment (Doc. 18.)

Reliance Standard filed objections to the R&R on March 29, 2011.  (Doc. 33.)  For the reasons that follow, we shall overrule the Defendant's objections, adopt the R&R in its entirety, and enter judgment in favor of the Plaintiff.

## II. STANDARDS OF REVIEW

### A. Review of Magistrate Judge's R&R

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

### B. Summary Judgment

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the

non-moving party will bear the burden of proof at trial. *Id.* at 325. Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law. *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). The non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

### A. Factual and Procedural History

Plaintiff was previously employed as an information technology specialist at ProSoft, a technical services company located in Mechanicsburg, Pennsylvania. Plaintiff was covered by a long-term disability ("LTD") policy that was purchased by his employer and issued by Reliance Standard. Plaintiff suffers from a severe case of Multiple Sclerosis and is totally disabled. He began receiving benefit checks on December 16, 2007. Reliance Standard informed Plaintiff on December 1, 2008 that they were recalculating his benefit amount by taking into consideration his Social Security Disability Insurance ("SSDI") benefits that began that year, and an estimated SSDI dependent award. Specifically, Reliance Standard offset his LTD benefit by his SSDI benefit in the amount of $1,783 and

his estimated SSDI benefit for a dependent child in the amount of $891. Thus, his total benefit payable by Reliance Standard resulted in a negative number, and thus he was entitled only to a benefit of $100 per month.

Plaintiff appealed Reliance Standard's determinations on March 3, 2009. In support of his appeal, he explained that the child for whom dependent benefits were estimated was not his child or dependent, and submitted an affidavit in that respect. In the affidavit, Plaintiff explained that he and his ex-wife were married in July of 1993, and that the minor child was born in August of 1994. After their separation, a decree of divorce was entered in August of 2003 that identifies the child as a child of the marriage and arranges support and visitation issues. Nonetheless, Plaintiff certified that, because he underwent a vasectomy prior to his marriage, the child is not actually a product of the marriage. In support, Plaintiff demonstrated that he never claimed the child as a dependent on his tax returns from 2006-2008. After conducting a review, Reliance Standard denied the appeal because they were not persuaded that the child was not Hann's dependent. (*See* AR 324-35.)

Plaintiff initiated this action by filing a two-count Complaint on December 17, 2009. (Doc. 1.) He alleges Defendant wrongfully computed his benefits due, and asserts a claim for benefits due pursuant to 29 U.S.C. § 1132(a)(1)(d) and for

equitable relief pursuant to 29 U.S.C. § 1132(a)(3). Plaintiff alleges that Reliance Standard's determination that the minor child is Plaintiff's dependent was an improper interpretation of the LTD plan. Thus, Plaintiff argues that Reliance standard intentionally construed the policy in order to deny him benefits.

On July 8, 2010, Hann filed his Motion for Summary Judgment, which has been fully briefed and is ripe for disposition. (*See* Doc. 14, Plaintiff's Motion for Summary Judgment; Doc. 15, Statement of Material Facts; Doc. 15, Brief in Support; Doc. 26, Defendant's Brief in Opposition; Doc. 27, Response to Statement of Material Facts; Doc. 31, Reply Brief.) Reliance Standard likewise filed its Motion for Summary Judgment on that same date, and that Motion is also ripe for disposition. (*See* Doc. 18, Defendant's Motion for Summary Judgment; Doc. 19, Statement of Material Facts; Doc. 20, Brief in Support; Doc. 28, Answer to Statement of Facts; Doc. 29, Brief in Opposition; Doc. 30, Reply Brief.)

### B. Report and Recommendation

Magistrate Judge Mannion issued his R&R on the two motions for summary judgment on March 18, 2011. (Doc. 33.) Judge Mannion determined that the proper standard by which to review Reliance Standard's determination is for an abuse of discretion. He further found that the governing documents were unambiguous in the definition of a dependent because, according to the plan

documents and the absence of an included definition, it is defined by the Social Security Act. Judge Mannion then determined that Reliance Standard failed to utilize that defining scheme when evaluating whether the minor child was a dependent of Plaintiff. Reliance Standard's reliance on the divorce decree and disregard of Plaintiff's own affidavit and income tax returns was misguided, according to Judge Mannion. Further, Judge Mannion evaluated Reliance Standard's inherent conflict of interest, and noted that it strayed from applicable statutory provisions in making the determination that was to its benefit. Thus, Judge Mannion recommends a finding that the decision was arbitrary and capricious, and recommends that the Court grant Plaintiff's Motion for Summary Judgment (Doc. 14), deny Defendant's Motion for Summary Judgment (Doc. 18), and remand the claim to the plan administrator "for a proper inquiry as to whether the child is plaintiff's dependent as defined by the Social Security Act and accompanying regulations." (Doc. 32, pp. 28-29.)

Reliance Standard filed its objections to the R&R on March 29, 2011, and raises five specific objections: (1) objecting to the factual finding that it did not consider the Social Security Regulations when estimating the child's eligibility for Social Security benefits; (2) objecting to the conclusion that the decision to offset these benefits was arbitrary and capricious; (3) objecting to the recommendation

that Defendant's Motion for Summary Judgment be denied; (4) objecting to the recommendation that Plaintiff's Motion be granted; and (5) objecting to the determination that the claim should be remanded for further consideration.

**C. Analysis**

    1. Reliance Standard's Determination

The parties no longer dispute that, because the plan vests discretion to construe the terms of the plan in the plan administrator, a decision interpreting the plan shall be reviewed under an arbitrary and capricious standard of review.[1] *See Fireston Tire & Rubber Co. V. Bruch*, 498 U.S. 101, 115 (1989); *see also Ford. v. Unum Life Ins. Co. of Am.*, 351 Fed. Appx. 703, 707 (3d Cir. Nov. 9, 2009) (not-precedential opinion) (citing *Abnathya v. Hoffman LaRoche, Inc.*, 2 F.3d 40 (3d Cir. 1993)); *Keating v. Whitmore Mfg. Co.*, 186 F.3d 418, 420-21 (3d Cir. 1999). "Under the arbitrary and capricious standard, 'the district court may overturn a decision of the plan administrator only if it is without reason, unsupported by the evidence, or erroneous as a matter of law.'" *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 437 (3d Cir. 1997) (quoting *Abnathya,* 2 F.3d at 45). Further, as the Third Circuit has recently explained, and as Magistrate Judge Mannion aptly

---

[1] As Magistrate Judge Mannion noted, "[t]o the extent that there may have initially been some disagreement over which standard of review applies, the parties now appear to agree that a *de novo* standard of review is inapplicable. (Doc. 90 at 5-6)." (Doc. 32 at 11.)

found, Plaintiff's argument that a heightened arbitrary and capricious standard should apply because Reliance Standard both funds and administers the plan is misplaced. Since the Supreme Court clarified the standards of review in *Metroplitan Life Insurance Company v. Glenn*, 554 U.S. 105 (2008), the Third Circuit has consistently held that this conflict of interest does not raise the standard of the review, but rather is one factor to be considered when a district court is reviewing a denial of benefits. *See Estate of Schwing v. Lilly Health Plan*, 562 F.3d 522, 525 (3d Cir. 2009); *Hinkle v. Assurant, Inc.*, 390 Fed. Appx. 105, 107 (3d Cir. 2010) (not-precedential opinion).

Thus, under this standard of review, we employ the same process that Judge Mannion employed in his R&R. We must first determine whether the terms of the plan, specifically with respect to the definition of a dependent as it relates to other income benefits, are ambiguous. If the terms are unambiguous, we must evaluate whether Reliance Standard's interpretation was erroneous as a matter of law. We will also consider the inherent conflict of interest present because Reliance Standard both funds and administers the plan.

"If the terms [of an ERISA plan] are unambiguous, then any actions taken by the plan administrator inconsistent with the terms of the document are arbitrary. But actions reasonably consistent with unambiguous plan language are not

arbitrary." *Bill Gray Enters., Inc. Employee Health and Welfare Plan v. Gourley*, 248 F.3d 206, 218 (3d Cir. 2001). Whether the terms are ambiguous is a question of law, and a court must look at the plain language of a plan document to determine whether the term is subject to reasonable alternative interpretations. *See In re Unisys Corp. Long-Term Disability Plan ERISA Litig.*, 97 F.3d 710, 715 (3d Cir. 1996). The relevant provision of the LTD policy provides:

> OTHER INCOME BENEFITS: Other Income Benefits resulting from the same Total Disability for which a Monthly Benefit is payable under this Policy. These Other Income Benefits are:
> (1) disability or Retirement benefits under the United States Social Security Act . . . or any other similar law for which:
> (a) an Insured is eligible to receive because of his/her Total Disability or eligibility for Retirement Benefits; and
> (b) an Insured's dependents are eligible to receive due to (a) above.

(Doc. 17 at 21.) The contract does not elsewhere define what a "dependent" is and thus we find, as Magistrate Judge Mannion found,

> a straightforward reading of the contract states that if an insured, the plaintiff, is eligible to receive benefits under the Social Security Act due to his Total Disability, and the plaintiff's dependents are eligible to receive benefits under the Social Security Act due to the plaintiff's Total Disability, then these benefits qualify as other income benefits.

(Doc. 32 at 15.)

Under the statutory provisions and regulations of the Social Security Act, a

"dependent" is defined by various tests. Judge Mannion aptly identified the controlling statutes and regulations in the R&R. Because Defendant only objects to the application of this process rather than the applicable definitions and tests contained therein, we shall incorporate by reference Judge Mannion's analysis in that regard. (Doc. 32 pp. 16-21.)

We agree with Judge Mannion that the administrative record reveals that Reliance Standard did not adequately utilize the controlling statutory and regulatory framework to determine the minor child's status as Plaintiff's dependent or otherwise. Reliance Standard should have first determined whether the minor child is Plaintiff's natural child, step child, or adopted child as defined in the Social Security Act, and then should have determined whether that child qualifies as and is a dependent of Plaintiff. Instead, Defendant extensively relied on a divorce decree[2] and Plaintiff's answers on forms that mentioned that he did have a child, but failed to identify the nature of that relationship. Reliance Standard apparently disregarded Plaintiff's affidavit and tax returns that should, at the very least, prompt further investigation into whether the child is a dependent for the purposes of Social Security benefits. Thus, we find that Reliance Standard

---

[2]The divorce decree declared that Hann had a child of the marriage, but did not specify whether the child was a natural child or otherwise.

took action that was clearly inconsistent with the unambiguous terms of the contract. Furthermore, Reliance Standard interpreted the contract to reduce Hann's monthly benefit amount, which quite clearly worked to their own benefit as the funding source of the LTD plan. Therefore, we find that Reliance Standard's determination was clearly erroneous because of their apparent disregard of the controlling statutory scheme.

> 2. Appropriate Relief

Because Reliance Standard's determination was arbitrary and capricious, we will deny Defendant's Motion for Summary Judgment (Doc. 18) and grant Plaintiff's Motion for Summary Judgment (Doc. 14). We thus must determine the appropriate remedies under 29 U.S.C. § 1132(a)(1)(B) and 29 U.S.C. § 1132(a)(3).

The Third Circuit has recently explained that, to properly remedy an unlawful termination of benefits:

> the claimant would be entitled to have the plan administrator reevaluate the case using reasonable discretion. In the termination context, however, a finding that a decision was arbitrary and capricious means that the administrator terminated the claimant's benefits unlawfully. Accordingly, benefits should be [retroactively] reinstated to restore the status quo.

*Miller v. Am. Airlines, Inc.*, 2001 U.S. App. LEXIS 1462, * 48 (3d Cir. Jan. 25, 2011). Reliance Standard's reduction of Plaintiff's LTD benefits is the effective

equivalent of a termination of benefits. Further, as we detailed above, Reliance Standard's decision to reduce those benefits was arbitrary and capricious, and therefore unlawful. Accordingly, we agree with Judge Mannion's recommendation that Hann's claim be remanded to a Reliance Standard administrator to conduct the proper inquiry as to the minor's status as a child of Hann and as a dependent or otherwise. The administrator then can properly determine whether the offset in the amount of $891.00 was warranted. If Hann prevails after remand, he should be entitled to future benefits and retroactive benefits that were improperly withheld.

Plaintiff likewise seeks equitable relief under 29 U.S.C. § 1132(a)(3). Neither Plaintiff nor Defendant object to Judge Mannion's recommendation that such equitable relief be denied because Plaintiff has an adequate remedy under Secion § 1132(a)(1)(B). Because Judge Mannion's recommendation is supported by the law, we will accept it and deny Plaintiff's request for equitable relief.

Finally, Plaintiff seeks attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(1). Section 1132(g) allows for an award of fees and costs in actions "involving delinquent contributions" to either party if asserted by a participant, beneficiary, or fiduciary. 29 U.S.C. § 1132(g)(1). The Third Circuit has delineated several factors ("the *Ursic* factors") a district court must consider when evaluating

the propriety of attorneys' fees and costs in ERISA litigation, including:

> (1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy the award of attorneys' fees; (3) the deterrent effect of an award of attorneys' fees against the offending parties; (4) the benefit conferred upon the members of the pension plan as a whole; and (5) the relative merits of the parties' position.

*In re Unisys Corp. Retiree Med. Benefits Erisa Litig. v. Unisys Corp.*, 579 F.3d 220, 239 (3d Cir. 2009) (quoting *Ursic v. Bethlehem Mines*, 719 F.2d 670 (3d Cir. 1983). With respect to the first *Ursic* factor, we note that the record does not explicitly demonstrate Reliance Standard's bad faith, but it does suggest some level of culpability because it deviated, to its benefit, from a clearly established statutory and regulatory framework. This factor thus weighs in Plaintiff's favor. It also appears likely that the second factor weighs in Plaintiff's favor because Reliance Standard likely could satisfy an award of reasonable attorneys' fees and costs for this litigation. An award of fees and costs will also likely serve as a deterrent in the future and encourage Reliance Standard to methodically and thoroughly evaluate whether a child or family member is *actually* a dependent under the Social Security Act, and thus perhaps avoid future erroneous denials or extensive litigation. The fourth factor does not necessarily weigh in Plaintiff's favor because it does not appear to apply in this action. Finally, regarding the merits of each party's position, Plaintiff is ultimately the prevailing party in this

litigation, and thus his claim is more meritorious. Thus, because four out of the five factors weigh in Plaintiff's favor, we find, as Judge Mannion found, that an award of attorneys' fees and costs are appropriate.

## IV. CONCLUSION

For the foregoing reasons, we accept Judge Mannion's recommendations and adopt the R&R. Therefore, Defendant's Motion for Summary Judgment (Doc. 18) shall be denied and Plaintiff's Motion for Summary Judgment (Doc. 14) shall be granted. Judgment shall be entered for the Plaintiff, and his claim is remanded to Reliance Standard for determination of whether the minor child is a dependent as defined in the Social Security Act. Further, we shall deny Plaintiff's request for equitable relief under 29 U.S.C. § 1332(a)(3), and grant his request for reasonable attorneys' fees and costs and allow briefing regarding the appropriate measure. An appropriate order shall enter.